UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-24397-CIV-WILLIAMS/GOODMAN

MELQUIADES BLANCO,

    Plaintiff,

v.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

In this action to recover uninsured motorist benefits, Melquiades Blanco ("Plaintiff") filed a two-count Complaint against Progressive Express Insurance Company ("Defendant") for breach of contract (Count I) and violation of Fla. Stat. § 624.155 (Count II). [ECF No. 11-1, pp. 1–4]. Defendant moves to dismiss Count II of Plaintiff's Complaint on the ground that "Plaintiff's bad faith claim in Count II of the Complaint is premature" because "there has been no determination of liability and damages in the underlying claims for breach of contract or negligence, making it legally impossible for Plaintiff to comply with the conditions precedent to bringing an action against [Defendant] for bad faith under Fla. Stat. § 624.155." [ECF No. 10, p. 4].

United States District Judge Kathleen M. Williams referred to the Undersigned Defendant's motion for a report and recommendations. [ECF No. 12]. For the reasons explained below, the Undersigned **respectfully recommends** that Judge Williams **grant** Defendant's motion both **by default** *and* **on the merits**.

## I.   Background

The Complaint alleges that on or about October 26, 2019, Plaintiff was traveling in an automobile which was insured by Defendant. [ECF No. 11-2, ¶¶ 4–5]. The insurance policy included uninsured motorist benefits. *Id.* Plaintiff was injured following a collision with an uninsured motorist and filed a claim with Defendant for uninsured motorist benefits. *Id.* at ¶¶ 5–6. According to Plaintiff, the "policy of uninsured motorist insurance issued by [ ] Defendant . . . calls for resolution of disputes through Civil Action in Circuit Court." *Id.* at ¶ 7.

On March 17, 2023, Plaintiff commenced the instant action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The two-count Complaint alleged breach of contract (Count I) and violation of Fla. Stat. § 624.155 (Count II). Plaintiff served Defendant with process on October 23, 2023. [ECF No. 1–1, p. 1]. On November 17, 2023, Defendant filed a timely notice of removal to the United States District Court for the Southern District of Florida, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1].

Defendant now seeks to dismiss Count II of Plaintiff's Complaint on the ground that it "contains premature bad faith allegations, which are not ripe for the Court's consideration." [ECF No. 10, p. 2]. Defendant argues that "no bad faith action may be maintained until there has been a determination of liability and damages in the underlying claim." *Id.* at 4. As noted above, Plaintiff did not respond to the motion to dismiss and the time for doing so has passed. For the reasons discussed below, the Undersigned agrees with Defendant.

## II. Applicable Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Analysis

At the outset, the Undersigned notes that Plaintiff failed to respond to the instant motion. Plaintiff's failure to respond alone is sufficient grounds to grant Defendant's

3

motion by default. *See* S.D. Fla. Local Rule 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default**." (emphasis added)); *see also Middleton v. Hollywood Rep., LLC*, No. 22-21951-CIV, 2023 WL 6036497, at *2 (S.D. Fla. Aug. 10, 2023) (granting by default the defendants' motions to dismiss based on the plaintiff's failure to file a response). Because Plaintiff failed to respond to Defendant's motion, the Undersigned **respectfully recommends** that the District Court grant **by default** Defendant's motion to dismiss.

Additionally, Defendant's motion should be granted on the merits.

"Florida law is clear that, in the context of a first-party insurance claim, '[a]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured **before** the cause of action for bad faith in settlement negotiations can accrue.'" *Lewis v. Allied World Specialty Ins. Co.*, No. 20-CV-20677, 2023 WL 2770538, at *3 (S.D. Fla. Apr. 4, 2023) (quoting *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (emphasis added)); *see also Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("We continue to hold in accord with *Blanchard* that bringing a cause of action in court for violation of section 624.155(1)(b) is **premature** until there is a determination of liability and extent of damages owed on the first-party insurance contract." (emphasis added)).

4

Because Plaintiff's section 624.155 statutory bad faith claim is not ripe, it should be **dismissed without prejudice**. *See Luihn v. MX, Inc.*, No. 14-CV-21515, 2014 WL 11997836, at *2 (S.D. Fla. July 7, 2014) (Williams, J.) (finding "bad faith claim [was] subject to dismissal without prejudice" where "it [was] apparent from the face of the [c]omplaint that [the] [p]laintiff's bad faith claim [was] not yet ripe, as neither the liability of the alleged tortfeasor nor the liability of [the insurer] under its insurance contract with [the] [p]laintiff ha[d] been established").

### IV. Conclusion

For the reasons stated herein, the Undersigned **respectfully recommends t**hat the District Court **grant** Defendant's motion to dismiss [ECF No. 10] **by default** and **on the merits**. The Court should **dismiss** Count II **without prejudice**.

### V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 27, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Judge Kathleen M. Williams
All Counsel of Record